STOCKETT *vs.* ELLICOTT.—*June,* 1831.

Upon a plea of usury to an action upon a single bill, it appeared that the bill had been given upon a settlement of an account, which contained items of debt and interest. In two of the items, the interest as calculated, exceeded 6 per cent. The receipt for the bill, at the foot of the account, stated, that in " case of error either way, should any be discovered," it should be corrected. HELD, that this was no evidence of an usurious agreement.

Every case of usury must depend upon its own circumstances. It is the intention, and not the words used, that gives character to the transaction; and that intention, when it can be reached, must govern. Where the real truth and substance is ascertained to be a loan of money, a lending on one side, and a borrowing on the other, at a rate of interest exceeding six *per centum,* the form given to the transaction is not material ; no shift or device can take it out of the Act of Assembly.

APPEAL from *Anne Arundel* County Court.

This was an action of *Debt* commenced on the 13th of January, 1825, by the appellees, *George Ellicott,* and others, as surviving partners of *John Ellicott, of John,* against the appellant, *Richard G. Stockett,* on the following single bill: " I promise to pay unto *Ellicott and Co.,* in one, two and three equal annual instalments, the sum of £594 3*s.* 9*d.* with interest from the date hereof, for value received, as witness my hand and seal, this 28th day of July, 1815."

The defendant pleaded usury, and payment, to which there were issues.

At the trial, the defendant in support of his plea of usury, read in evidence the account stated between the parties, and the receipt put thereon at the time of settlement, and for the balance of which the above single bill was given; and to show that in said account the plaintiffs had estimated and charged more interest than would have been allowed upon the principal sums, for the times for which credit was given, at the rate of six *per cent. per annum,* specified the charge in said account of £25 14*s.* 7*d.* as and for interest upon the principal sum of £509 1*s.* 1*d.* for the space of eight years, one month and five days ; and also the charge £9 14*s.*4*d.* as and for interest upon a principal of £41 18*s.*2½*d.*

for the space of three years, ten months and one day ; and insisted that thereby the said defendant was charged with interest above the rate of interest allowed by law, and that the same was evidence of usury.

At the foot of the account so read in evidence by the defendant, there was the following receipt, signed by the plaintiff: " July 28th, 1815—Received his note in full for the above account, it being understood, in case of error either way, should any be discovered, that it shall be corrected."

The plaintiffs then prayed the court to instruct the jury, that there was not sufficient evidence of usury in the transactions between the parties, which instruction the court (KILGOUR and WILKINSON, A. J.) gave. The defendant excepted ; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, and ARCHER, J.

*A. C. Magruder,* and *Alexander,* for the appellant, contended,

1. That the evidence offered did prove usury.

*Tyson vs. Rickard,* 3 *Harr. and Johns.* 109—2 *Strange,* 1246.

2. That the question of usury ought to have been left to the jury.

*Johnson,* for the appellees.

The account, which was the only evidence offered in support of the plea of usury, was admitted, with the receipt, providing for the correction of errors, which the court decided was not evidence of a corrupt agreement to charge usurious interest—this was the only point decided by the court. The receipt shows clearly, that nothing corrupt was intended. All the principal sums are admitted by the plea to be due, and therefore, the whole office of the re-

ceipt, was to guard against errors in the calculations of interest.

As this defence involves a forfeiture to the plaintiffs, the defendant was bound to adduce the same evidence, as if he was prosecuting for the penalty.

BUCHANAN, Ch. J., delivered the opinion of the court.

This is an action upon a single bill, the defence relied upon was usury, and the case is brought up on an exception taken at the trial, to an instruction by the court to the jury, " that there was not sufficient evidence of usury in the transaction between the parties."

Every case of usury must depend upon its own circumstances. It is the intention, and not the words used, that gives character to the transaction, and that intention when it can be reached, must govern. Where the real truth and substance is ascertained to be a loan of money, a lending on one side, and a borrowing on the other, at a rate of interest exceeding six *per cent. per annum,* the form given to the transaction is not material; no shift, or device, can take it out of the Act of Assembly. Here the bill in question was given for the amount of an account rendered against the appellant, in which interest was charged upon the different items. Every item of principal charged in the account, is admitted; but it is said, that the interest charged on different items of principal, exceeded the rate of six *per cent.* a year, and therefore, that the bill being given for the whole amount, including the interest so charged, it was an usurious transaction.

Whatever might have been the case, if it had appeared that the alleged over charges of interest were, by agreement of the parties, made and allowed, in consideration of forbearance, and giving day of payment to the appellant, of the several principal sums of money due from him, on which such charges of interest were made, there is in this record no evidence, express or implied, of any such agreement or intention, or tending to show, or prove any such

agreement or intention, without which there could have been no usury. The agreement, the intention of the parties, constituting a principal ingredient of usury.

But it is contended, that whether it was an usurious contract or not, was a question which ought to have been left to the jury, and that the court did wrong in instructing them, " that there was no sufficient evidence of usury.' If there had been any evidence tending to prove an usurious contract, it should properly have been left to the jury; but there was no such evidence, and surely in the absence of any evidence tending even to prove it, the court cannot have erred in instructing the jury, " that there was not sufficient evidence of usury." So far from there being any evidence tending to prove usury, or from which the jury could have inferred an usurious agreement, the evidence set out in the record tends to a different conclusion.

The only evidence in the case is, the single bill, the account for the amount of which it was given, and a receipt on the back of the account by the obligee, for the bill in full of the account, of the same date with the bill; which receipt contains a stipulation, "that in case of error either way, should any be discovered, it shall be corrected." That receipt, if it tends to prove any thing, it is, that there was perfect fairness in the transaction; it seems to presuppose that there might possibly be mistakes in the charges, either of items of principal, or of interest, and provides for the correction of them, if they should be made to appear, and thus tends to show that there was not any usurious intention or agreement, rather than that there was. For can it be, that if there were known charges of interest exceeding the legal rates, intended and agreed upon between the parties, as a consideration for forbearance, and time given to the appellant for payment of the several sums of principal charged in the account, the obligee would at the same time, have armed the appellant with a stipulation for the correction of those very over charges, the price of forbearance !

The evidence goes to negative the allegation of usury, and no other inference can be drawn from it.

The court therefore, we think, did right in giving the instruction complained of. It was the least it could do, to tell the jury there was not sufficient evidence of usury, when there was no evidence at all.

JUDGMENT AFFIRMED.